**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

DAVID OPPELT, Jr.,

                Petitioner - Appellant,

  v.

PAT GLEBE,

                Respondent - Appellee.

No. 12-35698

D.C. No. 2:12-cv-00223-JCC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted December 6, 2013
Seattle, Washington

Before: HAWKINS and TALLMAN, Circuit Judges, and WHYTE, Senior District Judge.[**]

      Pursuant to a certificate of appealability, Petitioner-Appellant David Oppelt,

Jr., appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition. We have

jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The Honorable Ronald M. Whyte, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Our review is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007). AEDPA restricts federal courts from granting the writ of habeas corpus to petitioners in custody pursuant to a state-court judgment on the merits unless the defendant shows that the state court's last reasoned adjudication of the defendant's federal claim resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Oppelt was accused of twice molesting his eight-year-old stepdaughter. The girl's relatives promptly reported the criminal activity and an investigation ensued. But due to government negligence, the investigative report was lost. Six years later, prompted by an inquiry from a Child Protective Services' employee, the prosecutor's office eventually located the report and filed charges against Oppelt. Following a jury trial, Oppelt was convicted on one count of child molestation in the first degree and was sentenced to 90 months in prison.

Oppelt contends that the trial court erred in denying his motion to dismiss the charges on the grounds that the six-year pre-indictment delay prejudiced his

ability to defend himself and violated his due-process rights. The Supreme Court has previously acknowledged that, although statutes of limitations are the primary protection against overly stale criminal charges, the "Due Process Clause has a limited role to play in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 789 (1977). The Court has also held that a due-process violation is established when the delay of the indictment violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency." *Id.* at 790 (internal citations and quotation marks omitted).

Oppelt contends that a six-year pre-indictment delay due to negligence satisfies that standard and argues that the Washington Supreme Court's contrary conclusion is an unreasonable application of *United States v. Lovasco*. But *Lovasco* does not compel a different result here. There, the Court held that no due-process violation occurred when the government waited 18 months to indict a defendant because it was awaiting the results of an investigation seeking to identify others who participated in the offense. *Id.* at 784, 796. The Court's opinion granted the government great latitude in determining when to bring charges. *See id.* at 791, 794–95. The Supreme Court expressed concern that delay "undertaken by the Government solely to gain tactical advantage over the accused," or due to

3

the Government's reckless disregard of circumstances known to it suggesting that delay would impair an effective defense, may result in a due-process violation. *Id.* at 795 & n.17 (internal quotation marks omitted); *see also United States v. Gouveia*, 467 U.S. 180, 192 (1984). But it has never held that a due-process violation results from mere negligence. Instead, the Court explicitly "le[ft] to the lower courts, in the first instance, the task of applying the settled principles of due process" to individual cases. *Lovasco*, 431 U.S. at 797. Thus the Washington Supreme Court's conclusion that the delay did not amount to a due-process violation was neither contrary to nor an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

Oppelt next argues that the Washington Supreme Court's conclusion that no due-process violation occurred is contrary to circuit precedent. Setting aside that circuit precedent cannot support reversal of a state court decision under AEDPA's stringent standards, *Moses v. Payne*, 555 F.3d 742, 759 (9th Cir. 2008) (quoting *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003), *overruled on other grounds as recognized by McKinney v. Ryan*, 730 F.3d 903, 909 (9th Cir. 2013)), Oppelt's argument still fails.

He first argues that circuit precedent required the Washington Supreme Court to consider the length of delay in its due-process calculus. *See United States*

*v. Bracy*, 67 F.3d 1421, 1427 (9th Cir. 1995) (noting that to assess whether a pre-indictment delay violated a defendant's due-process rights, the court examines "whether a defendant suffers actual prejudice" and balances "the length of the delay with the reasons for it").  But the Washington Supreme Court did consider the effect of the time lapse on Oppelt's defense, including the erosion of the memory of an important witness.  Second, Oppelt correctly argues that circuit courts, including ours, have held that a defendant can demonstrate a due-process violation when the government has acted negligently.  *See United States v. Moran*, 759 F.2d 777, 782 (9th Cir. 1985) ("If mere negligent conduct by the prosecutors is asserted, then obviously the delay and/or prejudice suffered by the defendant will have to be greater than that in cases where recklessness or intentional governmental conduct is alleged.").  The Washington Supreme Court correctly identified that precedent and accepted that negligence might establish a due-process violation.  It nonetheless concluded that the delay in Oppelt's case did not violate fundamental conceptions of justice.

In sum, because Oppelt is unable to show that clearly established Supreme Court precedent commanded a contrary result, the Washington Supreme Court's adjudication of his due-process claim was not objectively unreasonable.

**AFFIRMED.**

5